**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-00519-REB-KLM

MILL MAN STEEL, INC., a Colorado corporation,

    Plaintiff,

v.

LINCOLN MANUFACTURING, INC., a Texas corporation,

    Defendant.

---

**ORDER DENYING DEFENDANT LINCOLN MANUFACTURING, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

---

**Blackburn, J.**

The matter before me is **Third-Party Defendant**[1] **Lincoln Manufacturing, Inc.'s Motion To Dismiss for Lack of Personal Jurisdiction** [#27],[2] filed May 31, 2012. I deny the motion.

### I.  JURISDICTION

I putatively have subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

---

[1] Defendant was previously designated as a third-party defendant. This case was recaptioned and the parties realigned following a settlement between the original plaintiff and Mill Man Steel, Inc. (*See* **Order of Dismissal of Plaintiff Layne Christensen Company's Claims Against Defendant Mill Man Steel, Inc.** [#43], filed July 23, 2012.)

[2] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## II. STANDARD OF REVIEW

Defendant moves to dismiss plaintiff's claims on the ground that defendant does not have sufficient minimum contacts with Colorado to warrant the exercise of personal jurisdiction over it in this forum. The assumption of personal jurisdiction over a non-resident defendant in a case based on diversity of citizenship involves a two-step inquiry. First, the defendant must be amenable to service of process under the forum state's long-arm statute. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1056-07(10th Cir. 1995); *Dart International, Inc. v. Interactive Target Systems, Inc.*, 877 F.Supp. 541, 543 (D. Colo. 1995). Second, the exercise of jurisdiction must comport with due process. *Wenz*, 55 F.3d at 1507; *Custom Vinyl Compounding Inc. v. Bushart & Associates, Inc.*, 810 F.Supp. 285, 287 (D. Colo. 1992). Because the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit, *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002), the analysis collapses into a single inquiry as to whether the requirements of due process are satisfied.

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state. *International Shoe Co. v. State of Washington, Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 455 (10th Cir. 1996). "Minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct.

1868, 1872, 80 L.Ed.2d 404 (1984); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996).  Specific jurisdiction exists when the defendant's contacts with the forum state arise from, or are directly related to, the plaintiff's cause of action.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); *Kuenzle*, 102 F.3d at 455.  General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum, even if those contacts are unrelated to the pending litigation.  *Helicopteros Nacionales de Columbia*, 104 S.Ct. at 1872; *Trierweiler*, 90 F.3d at 1533.

Second, if sufficient minimum contacts exist, I then must determine whether the exercise of personal jurisdiction over the non-resident defendant "would comport with 'fair play and substantial justice.'" *Burger King Corp.*, 105 S.Ct. at 2184.  Stated differently, I must determine whether assuming personal jurisdiction over the defendant is "'reasonable' in light of the circumstances surrounding the case."  *OMI Holdings, Inc. v. Royal Insurance Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  Factors relevant to that analysis include

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

*Trujillo v. Williams*, 465 F.3d 1210, 1221 (10th Cir. 2006) (quoting *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1279-80 (10th Cir. 2005)). "[T]he weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction."  *Id.* (quoting *Pro Axess*, 428 F.3d at 1280).

I have discretion to resolve the motion on affidavits and other written material. ***Behagen v. Amateur Basketball Association***, 744 F.2d 731, 733 (10th Cir. 1984), ***cert. denied***, 105 S.Ct. 1879 (1985).  Plaintiff has the burden to establish a *prima facie* case of personal jurisdiction.  ***Id***.  I must accept the well-pleaded allegations of the complaint as true.  ***Wenz***, 55 F.3d at 1505; ***Behagen***, 744 F.2d at 733.  However, plaintiff has "the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading."  ***Pytlik v. Professional Resources, Ltd.,*** 887 F.2d 1371, 1376 (10th Cir. 1989).

### III.  ANALYSIS

This lawsuit involves a series of contracts related to the construction of a series of wells for the U.S. military in Afghanistan.  Layne Christensen Company, the original plaintiff in this case (***see supra*** note 1), contracted with DynCorp International, Inc., to construct the wells.  It then submitted a purchase order to plaintiff for lengths of pipe with welded collars for the casings of the wells.  Plaintiff, in turn, submitted a purchase order to defendant to supply the pipe collars and weld the collars to the pipe provided by plaintiff.  When the welds between the collars and the pipe allegedly failed during construction of the wells, this lawsuit followed.

Defendant is a Texas corporation, with facilities in Texas and Ohio.  It has no offices, agents, or representatives in the state of Colorado, did not visit the state of Colorado in connection with the transaction made the basis of this suit, and completed all the work for the project at one of its Texas facilities.  The completed products were

not shipped to Colorado, but instead, were sent directly to a local airport for shipment overseas.  Given these facts, defendant alleges that it lacks minimum contacts with this forum sufficient to warrant the assumption of personal jurisdiction over it by this court.

I disagree.  Contrary to the picture defendant attempts to paint by its motion, the purchase order in this case was not *sui generis*.  Instead, it was submitted pursuant to a ten-year Manufacturing Agreement between the parties, which agreement had been in effect since 2007.  Under that contract, plaintiff transferred to defendant certain proprietary information relating to manufactured products in plaintiff's fields of expertise and agreed to permit defendant a reasonable opportunity to manufacture all products related to those fields.  Putting aside the question whether defendant has the type of continuous and systematic contacts with Colorado that would authorize the assumption of general jurisdiction over defendant in this state, **see Helicopteros Nacionales de Colombia S.A.**, 104 S.Ct. at 1873, it is clear that this contract creates specific jurisdiction over defendant in this forum.

A federal court may assume specific jurisdiction over a non-resident defendant which "'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"  **Benally v. Amon Carter Museum of Western Art**, 858 F.2d 618, 625 (10th Cir. 1988) (quoting **Hanson v. Denckla**, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958)).  The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person."  *Id*. (quoting **Burger King Corp.**,

105 S.Ct. at 2183) (internal citations and quotation marks omitted). The contacts with the forum state must be such that "it is foreseeable that the defendant should reasonably anticipate being haled into court there." ***World-Wide Volkswagen Corp. v. Woodson***, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Of course, merely entering into a contract with a Colorado resident is insufficient in itself to confer specific jurisdiction in this forum. **See SGI Air Holdings II LLC v. Novartis International**, 192 F.Supp.2d 1195, 1202 (D. Colo. 2002). A broader picture of the parties' contractual relationship is necessary, and "relevant factors for assessing minimum contacts include prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." **Benton v. Cameco Corp.**, 375 F.3d 1070, 1077 (10th Cir. 2004), **cert. denied**, 125 S.Ct. 1826 (2005) (citation and internal quotation marks omitted).

These considerations plainly point to the propriety of the assumption of personal jurisdiction over defendant in Colorado. The manufacturing agreement contemplated a long-term, ongoing relationship between the parties. Plaintiff provided defendant with proprietary information and gave defendant priority in manufacturing products related to that information. Under the contract, the parties engaged in 981 separate transactions totaling in excess of $6 million between 2007 and 2012. The fact that these figures represent but a small percentage of defendant's total business is irrelevant. The law requires only that the contracts be substantial in relation to this plaintiff and these facts. Defendant's contacts with plaintiff and this forum are not "random, fortuitous, or attenuated," **Burger King Corp.,** 105 S.Ct. at 2183, making the assumption of

jurisdiction in this forum appropriate.

Further, and relatedly, I find that it would not contravene traditional notions of fair play and substantial justice to subject defendant to personal jurisdiction in Colorado. *Id.* at 2184. Defendant presents neither argument nor evidence on this prong of the test, and thus there is nothing to suggest that the burden on defendant of litigating in this forum is more than marginal. *AST Sports Science, Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008) (noting that "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity") (citation and internal quotation marks omitted). None of the other considerations relevant to the inquiry clearly indicate that it would be unreasonable to assume personal jurisdiction over defendant in this forum. *See Trujillo*, 465 F.3d at 1221; *see also OMI Holdings, Inc.*, 149 F.3d at 1091.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** that **Third-Party Defendant Lincoln Manufacturing, Inc.'s Motion To Dismiss for Lack of Personal Jurisdiction** [#27], filed May 31, 2012, is **DENIED**.

Dated December 7, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge